IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                Case Nos.      5:92cr5018/LAC
                                                                                           5:10cv85/LAC/EMT

JAMES ALEXANDER SMITH
_____/

## **O R D E R**

Defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 12).

In his motion, Defendant asserts that in this federal court in 1992 he pleaded guilty and was sentenced to a term of imprisonment of 150 months on explosives and firearm charges. In 1993 he was found guilty on state charges and sentenced to a term of imprisonment of thirty years, which sentence Defendant states was to be served concurrently with his federal sentence. According to Defendant, his federal sentence should have expired in 2005. As relief in this action Defendant asks "[t]o be given credit for time that I have spent in state prison for my federal sentence, which started on October 27, 1992. That would terminate my [federal] sentence. Also have the Federal detainer removed" (Doc. 12 at 5).

A motion to vacate pursuant to § 2255 provides an avenue for individuals sentenced in federal court to challenge the imposed sentence by claiming one of the following:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. United States v. Jordan, 915 F. 2d 622, 625 (11th Cir. 1990) (quoting Hill v. United States, 368 U.S. 424, 426–27, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)).

In contrast, the continuation of an initially valid confinement is actionable through a 28

U.S.C. § 2241 habeas petition. Cox v. Warden Federal Detention Center, 911 F. 2d 1111 (5th Cir. 1990); *see also* Broussard v. Lippman, 643 F. 2d 1131 (5th Cir. Unit A Apr. 1981).[1] In the instant motion, Defendant is complaining about the manner in which his sentence is being executed, not that his federal sentence was invalid. This court has no jurisdiction under § 2255 to review the substance of Defendant's argument that his sentence has been improperly executed. Fernandez v. United States, 941 F. 2d 1488 (11th Cir. 1991). Accordingly, the instant claim should be treated as one under § 2241, challenging the execution of Defendant's sentence. *See* United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

In light of the foregoing, the court shall direct the clerk to re-characterize the civil § 2255 case as one brought pursuant to § 2241. Defendant shall be required to file a § 2241 petition on the proper form, along with two service copies. Defendant must also submit the filing fee of $5.00 or a properly completed application to proceed in forma pauperis.

Accordingly, it is **ORDERED**:

1. The clerk shall re-characterize this civil 28 U.S.C. § 2255 case as one brought pursuant to 28 U.S.C. § 2241.

2. The clerk is directed to send to Defendant the form for use in § 2241 cases and an application to proceed in forma pauperis. This case number shall be written on the forms.

3. The clerk shall post this order in both the criminal case and the re-characterized civil case.

4. The clerk shall remove the § 2255 flag pertaining to this Defendant from the docket sheet of the criminal case.

5. Within **THIRTY (30) DAYS** from the date of docketing of this order, Defendant submit a fully completed § 2241 petition form. Defendant shall provide two (2) service copies of the petition in addition to the original.

---

[1] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981).

Case Nos. 5:92cr5018/LAC;  5:10cv85/LAC/EMT

6. Within **THIRTY (30) DAYS** from the date of docketing of this order, Petitioner shall either pay the filing fee of $5.00 or submit a fully completed application to proceed in forma pauperis.

7. Defendant's failure to comply with this order within **THIRTY (30) DAYS** from the date of docketing of this order will result in a recommendation that the civil case, re-characterized as an action brought pursuant to 28 U.S.C. § 2241, be dismissed.

**DONE AND ORDERED** this 21st day of April 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**